UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEREK E. GRONQUIST and BYRON A. MUSTARD,<br><br>        Plaintiffs,<br><br>    v.<br><br>JEFFREY WARD, et al.,<br><br>        Defendants. | NO. CV-07-398-EFS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

Before the Court, without oral argument, is Plaintiffs Derek E. Gronquist and Byron A. Mustard's Motion to Remand. (Ct. Rec. 19.)[1] After reviewing the submitted material and relevant authority, the Court is fully informed and grants Plaintiffs' motion. The reasons for the Court's Order are set forth below.

---

[1] Plaintiffs filed two remand motions. The first, filed on January 4, 2008, was not signed by both Plaintiffs. (Ct. Rec. 8.) The second, filed on January 17, 2008, duplicated the first remand motion but was properly signed by both Plaintiffs.

ORDER *1

**I. Background**

On November 20, 2007, Plaintiffs filed a Complaint, Thurston County Superior Court Cause No. 07-2-02339-6, asserting, *inter alia,* state law claims for assault, battery, and negligent supervision; the Complaint also alleged violations of the First and Eighth Amendments. (Ct. Rec. 1 at 24.) Defendants[2] removed the lawsuit to the United States District Court for the Eastern District of Washington on December 14, 2008. *Id.* On January 17, 2008, Plaintiffs filed the Motion to Remand now before the Court. (Ct. Rec. 19.)

**II. Discussion**

**A. Service of Process**

Before addressing Plaintiffs' remand motion, it is necessary to address service of process. Defendants insist in both the Notice of Removal and subsequently-filed pleadings that the State and the DOC are the only parties that have been properly served. (Ct. Rec. 26 at 3.) Plaintiffs agree that Defendants Jeffrey Ward and Maggie Miller-Stout were not properly served. (Ct. Rec. 27 at 2.)

Service requires delivery of the summons and complaint to the defendant personally, to the defendant's authorized agent, or to a person of suitable age and discretion residing at the defendant's dwelling or usual place of abode. FED. R. CIV. P. 4(e) (2008).[3] A federal court lacks

---

[2]"Defendants" in this motion refers to the State of Washington ("State") and the Department of Corrections ("DOC").

[3]Plaintiffs also failed to serve Defendants Ward and Miller-Stout in accordance with Washington's service of process rules. *See* RCW

ORDER *2

jurisdiction over a defendant who is not properly served. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.3d 685, 688 (9th Cir. 1988) (citations omitted).

Here, the Spokane County Sheriff's Office served the summons and complaint on Risa Klemme, Airway Heights Corrections Center's Legal Liason Officer. This was improper because the Corrections Center is not Defendant Ward or Defendant Miller-Stout's usual place of abode and Ms. Klemme is not authorized to accept service on their behalf. (Ct. Rec. 26, Ex. 1.) Accordingly, the Court lacks jurisdiction over Defendants Ward and Miller-Stout.

**B. Motion to Remand**

A state-court suit may be removed to federal court if the federal court would have had original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a); *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). The removal statute is strictly construed and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The party seeking to preserve removal bears the burden of demonstrating that removal was proper. *Id.*

Here, Plaintiffs did not assert federal claims against the State or the DOC; they only asserted federal claims against Defendants Ward and Miller-Stout. Because the Court lacks personal jurisdiction over

---

4.28.080(15) (service can be completed by delivering a summons to the defendant personally or by delivering a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion).

ORDER *3

Defendants Ward and Miller-Stout, remand is appropriate because there are no claims properly before the Court creating federal subject matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiffs' Motion to Remand **(Ct. Rec. 19)** is **GRANTED.**

2) Plaintiffs' Motion to Remand **(Ct. Rec. 8)** is **DENIED AS MOOT.**

3) Defendants' Motion to Dismiss **(Ct. Rec. 3)** is **DENIED AS MOOT.**

4) This matter shall be remanded to Thurston County Superior Court, Cause No. 07-2-02339-6, for further proceedings.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to both Plaintiffs and counsel for Defendants.

**DATED** this ___28th___ day of April 2008.

    S/ Edward F. Shea
            EDWARD F. SHEA
      United States District Judge

Q:\Civil\2007\398.Remand.wpd

ORDER *4